R. D. HULL et al., Copartners, etc., *Appellees*, v. R. G.
TONKIN, *Appellant*.

No. 18,133.

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Commissions—Evidence*.  The evidence in
an action for a real-estate agent's commission held sufficient
to authorize a recovery.

Appeal from Dickinson district court.  Opinion filed
May 10, 1913.  Affirmed.

*G. W. Hurd*, and *Arthur Hurd*, both of Abilene, for
the appellant.

*C. E. Rugh*, of Abilene, for the appellees.

The opinion of the court was delivered by

MASON, J.:  R. D. Hull and Samuel Gutsch, as suc-
cessors of Hull Brothers, sued R. G. Tonkin for a real-
estate broker's commission and recovered a judgment,
from which he appeals.

His principal contention is that a demurrer to the
evidence should have been sustained.  He owned a
section of land which he listed with Hull Brothers,
telling them a commission would be paid to the agent
who made a contract of sale with the purchaser.  The
firm held some communication with persons interested
in the purchase, but closed no contract with them.
Through another agent a contract was made for the
sale of the land to a different buyer, who later assigned
the contract to persons with whom Hull Brothers had
been in negotiation.  While there was direct testimony
that the Hulls did not effect the sale, we think, under
all the evidence, there was room for the inference that
it was really the result of their efforts, and that a cir-
cuitous method of dealing was adopted for the purpose
of defeating their claim to a commission.

There was evidence tending to show these facts,

among others: The Hulls endeavored to sell the land
to Henry Jacobson, who considered buying it for his
son, Henry P. Jacobson, in conjunction with Joseph
F. Hoffman and Samuel Hoffman. They talked up the
deal with the several prospective buyers, and as a result
Jacobson, senior, went to see Tonkin, the defendant,
about it, being accompanied by one Chris Kohrs. The
defendant told Jacobson that he was the Bull Brothers'
customer and would have to buy through them. Kohrs
heard this conversation, and offered to buy the land
himself. He was referred to a Mr. Steelsmith, a real-
estate agent, who made his headquarters in the de-
fendant's office. Kohrs asked Steelsmith if he would
divide his commission with him if he would contract
for the land and run the risk of selling it. Steelsmith
returned an affirmative answer, and a contract was
executed for the purchase of the land by Kohrs.
Within two months Kohrs assigned the contract to
Jacobson, junior, and Samuel Hoffman, to whom deeds
were made by the defendant. Afterwards Samuel
Hoffman conveyed a portion of his share to Joseph F.
Hoffman. Kohrs testified that he paid $1000 at the
time of making the contract, and got this back with his
commission when the deeds were made. He said he
did not buy the land with the intention of keeping it;
that before making the contract he called up Joseph
Hoffman on the telephone and talked with him; that
Jacobson, senior, told him his boy would probably take
part of the land; that at the time of entering into the
contract he thought he could sell it to the Hoffmans
and Jacobson, but had no agreement with them. It
was a fair question for the jury whether the purported
sale to Kohrs was in good faith or merely colorable.
They were authorized to base their verdict upon cir-
cumstantial as well as upon direct evidence. They
obviously concluded that the deal between Tonkin and
Kohrs, the one between Kohrs on the one hand and
Jacobson and Joseph Hoffman on the other, and the

one between Joseph Hoffman and Samuel Hoffman, were but parts of a single transaction. It can not be said that this conclusion was unfounded.

Complaint is made of the overruling of an objection to a question asked of a witness for plaintiff—"When did you first learn that the Hoffmans and Jacobsons had taken this land?" The assumption that the Hoffmans and Jacobsons had taken the land is said to have been unwarranted. The form of the question can not have been seriously prejudicial.

The court refused to submit to the jury two special questions: "Did Hull Brothers or Tonkin sell the land in controversy or any part of it to Joseph F. Hoffman?" and the same question with respect to Henry P. Jacobson. Answers to these questions would not have aided in settling the controversy between the plaintiffs and the defendant. The jury, in response to a question that was submitted, answered that Hull Brothers secured these persons as purchasers for the land. This answer disposed of the vital matter at issue.

The judgment is affirmed.